An order may be entered denying the application, with ten dollars costs.

---

Matter of the Application of WILLIAM C. DUELL, for a Peremptory Writ of Mandamus, *v.* MARTIN H. GLYNN, as Comptroller of the State of New York.

(Supreme Court, Albany Special Term, September, 1907.)

Taxes — Inheritance and transfer taxes — Assessment — Appointment of appraiser.

Surrogates' Courts — The court and its officers — Transfer tax appraiser — Appointment.

The State Comptroller, in appointing a transfer tax assistant under section 234 of the Tax Law, is not bound by the surrogate's recommendation but may appoint a person eligible for the office other than the person recommended by the surrogate.

APPLICATION for mandamus.

James M. Hunt, for William C. Duell.

Wm. J. Roche, for John D. Sullivan.

Wm. S. Jackson, Attorney-General, for Comptroller.

FITTS, J.   Application is made by William C. Duell, the relator above named, for an order granting a peremptory writ of mandamus against Martin H. Glynn, as Comptroller of the State of New York, directing him to revoke the appointment of John D. Sullivan to the   position of transfer tax assistant in the office of the surrogate of the county of Westchester and to appoint him to such position.

During the month of January, 1907, Sumner Burnstine, the incumbent of that office, died, having been appointed to that position immediately after the enactment of chapter 173 of the Laws of 1901, containing section 234 of the Tax Law, and continuing to hold that position down to the time of his death.

After the death of Mr. Burnstine, the State Board of Civil Service Commissioners caused an examination to be had for applicants for appointment to fill the vacancy caused by his death, for the purpose of certifying an eligible list.   The State Board of Civil Service Commissioners, as a result of that examination, certified an eligible list of three names, including that of Mr. Sullivan and the relator herein.   Thereafter the surrogate of Westchester county recommended to the State Comptroller the appointment of relator.   The State Comptroller did not appoint the relator but did appoint Sullivan, who had not been recommended for such appointment by the surrogate of the county of Westchester.   The eligible list, as certified by the State Board of Civil Service Commissioners, contained three names; and upon that list Sulli-van was graded the highest and relator the lowest.

There is no dispute of facts in this proceeding, and the decision of the court must, therefore, turn upon the interpretation to be given to the language of section 234 of the Tax Law, as amended by chapter 368 of the Laws of 1905 and chapter 699 of the Laws of 1906, the same reading as follows:   "Section 234. Surrogates' assistants in New York, Kings and other counties.— The state comptroller may, upon the recommendation of the surrogate, appoint, and may at pleasure remove assistants and clerks in the surrogate's offices of the following counties, at annual salaries to be fixed by him not to exceed the amounts hereinafter specified.   *   *   *

"4. In Westchester county a transfer tax assistant, two thousand five hundred dollars."

In the year 1896, the provisions of law relative to taxable transfers were incorporated in the general Tax Law of the State (Laws of 1896, chap. 908), and are there designated as article 10, and are embraced within the sections 220 to 240, inclusive.

By section 230 of that act, power and authority was conferred upon surrogates to appoint transfer tax appraisers. In the year 1901, section 230 of the Tax Law was amended by the Legislature (Laws of 1901, chap. 173), so as to confer upon the State Comptroller power to appoint and remove tax appraisers in certain counties of this State, including the county of Westchester. So, as the law stands to day, the State Comptroller has the authority and power to appoint and remove for the county of Westchester the tax appraiser and a transfer tax assistant; except that, in the case of the transfer tax assistant, no authority or power is conferred upon him to make such appointment, except upon the recommendation of the surrogate of that county.

The question, therefore, to be determined is: Has the Comptroller the absolute right to appoint; or, in making his appointment or selection, must he name the person recommended to him by the surrogate?

In the American and English Encyclopædia of Law (Vol. 2, p. 473), " appointing power " is defined as follows: " This phrase when employed with reference to matters pertaining to government, or to the distribution of the powers of government, means the power of appointment to office; the power to select and indicate by name individuals to hold office and to discharge the duties and exercise the powers of officers."

The meaning, force and effect of the term " appointment," when used in connection with appointment under the law, is defined in the case of People ex rel. Balcom v. Mosher, 163 N. Y. 32. And, at page 40 of the opinion, Mr. Justice Martin in writing the opinion of the court defines the term as follows: " The decisions of this and other courts, State and Federal, as to the meaning of the word ' appointment,' and what constitutes an appointment under the law, are to

the effect that the choice of a person to fill an office constitutes the essence of the appointment; that the selection must be the discretionary act of the officer or board clothed with the power of appointment; that while he or it may listen to the recommendation or advice of others, yet the selection must finally be his or its act, which has never been regarded or held to be ministerial."

The power of appointment and removal is conferred upon the Comptroller, but the power of appointment can only be exercised upon the recommendation of the surrogate. The surrogate is to determine the necessity of the appointment; and if, in his judgment, no necessity exists for the appointment of a transfer tax assistant, then no authority or power is conferred upon the Comptroller to make such appointment.

Prior to the passage of the act (Laws of 1905, chap. 368), the Legislature had conferred authority and power upon the surrogate of Westchester county to appoint a transfer tax assistant. In that year the Comptroller was substituted as the appointing power but only upon the recommendation of the surrogate. Inasmuch as the Legislature has seen fit to transfer to and confer upon the State Comptroller power of appointment and removal, both of the tax appraiser and the transfer tax assistant, it can hardly be assumed that it was its intent to limit the power of appointment of a transfer tax assistant to the person recommended by the surrogate of Westchester county.

The Comptroller is, therefore, not limited in the appointment of a transfer tax assistant for the county of Westchester to the person recommended by the surrogate of that county.

The application of the relator is denied, with ten dollars costs. An order can be entered accordingly.

Application denied, with ten dollars costs.